**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4623**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ANDRE ALAN THORPE, Dre,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00187-D-1)

Submitted:  May 15, 2020                    Decided:  June 10, 2020

Before WILKINSON, FLOYD, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter H. Paramore, III, LAW OFFICES OF W. H. PARAMORE, III, Jacksonville, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, J.D. Koesters, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andre Alan Thorpe appeals from his 480-month sentence entered pursuant to his guilty plea to child pornography charges. The district court departed upwards to the statutory maximum, pursuant to U.S. Sentencing Guidelines Manual § 5K2.21 (2018), on the basis of Thorpe's uncharged and dismissed criminal conduct. In the alternative, the district court imposed the same sentence as alternative variance sentence. On appeal, Thorpe asserts that his sentence was procedurally and substantively unreasonable. We affirm.

Thorpe asserts first that the district court erred by failing to comply with the "incremental approach" in departing upwards. We review a sentence, including a departure or variance sentence, for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. *Id.* at 49-51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted), and "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50.

2

If there is no significant procedural error, we review the sentence for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

With regard to USSG § 5K2.21, p.s., Thorpe contends that the district court was required to "reference the Guidelines in determining the scope and breath of the upward departure." USSG § 5K2.21 provides that:

> [a] court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.

USSG § 5K2.21, p.s. Thorpe does not challenge the district court's determination that the charges dismissed or not pursued did not enter into the determination of the applicable Guidelines range. Instead, Thorpe contends that the district court was required to tie the extent of the departure more closely to the Guidelines. He also points out that, even had he been convicted after a jury trial of every charge in the indictment, he would not have faced a 360 to Life Guidelines range.

The "incremental approach" requested by Thorpe is required when departing under USSG § 4A1.3, based on a finding that that a defendant's criminal history category underrepresents the extent and nature of his criminal record. Specifically, a court should "move to successively higher categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct." *United States v. Dalton,* 477 F.3d 195, 199 (4th Cir. 2007). However, neither the explicit language of the Guidelines nor this court requires such an approach when departing under § 5K2.21.

3

Instead, the district court must "'set forth enough to satisfy [us] that [it] . . . considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority'" to impose the departure sentence. *United States v. Diosdado-Star*, 630 F.3d 359, 364 (4th Cir. 2011) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). Here, the district court's detailed oral explanation demonstrates that it accorded Thorpe a thoroughly individualized assessment and adequately explained the reason for departure.

Thus, the district court's decision to depart upward by four offense levels based upon uncharged conduct, including forcible rape of a child, was reasonable. Thorpe's uncharged conduct in this case was horrific, and his victims were particularly vulnerable and chosen for that reason. In light of this conduct, which Thorpe does not challenge, the district court was within its discretion to apply the upward departure under § 5K2.21, p.s.

Moreover, even if the district court committed procedural error, we find that any error would be harmless. The district court explicitly stated that, if any of its Guidelines calculations were incorrect, it still would impose the statutory maximum 480-month sentence as a variance sentence. We have held that, even where a district court errs in its departure analysis, the same variance sentence may still be reasonable if justified by the § 3553(a) factors. *United States v. Grubbs*, 585 F.3d 793, 804 (4th Cir. 2009); *see also United States v. Hargrove*, 701 F.3d 156, 161-63 (4th Cir. 2012) (discussing harmless error inquiry). Therefore, although the district court did not commit procedural error, even if it had, that error would be harmless because the district court expressed its intent to vary based upon the § 3553(a) factors.

However, Thorpe contends that his variance sentence is substantively unreasonable because the district court did not give sufficient weight to his arguments in mitigation and did not recognize that his Guidelines range accounted for much of the behavior the court found disturbing. To the contrary, the record of the sentencing hearing indicates that the district court engaged all of Thorpe's arguments and found that his mental illness and difficult upbringing did not excuse his criminal behavior. Moreover, the court found that Thorpe's conduct was "breathtaking" in its "evil" nature. The court noted a "tremendous need to protect society" from Thorpe. The court concluded that if "there ever is a case for a statutory maximum" sentence, Thorpe's case was "that case."

The district court stated that it had reviewed all Thorpe's arguments and recited the § 3553(a) factors. The court framed its reasons for Thorpe's sentence around the nature and circumstances of the offense and Thorpe's history and characteristics. Based on Thorpe's "horrific" conduct, the district court determined that the statutory maximum sentence was necessary to incapacitate, deter, and provide just punishment. Based on this analysis, we find that Thorpe's sentence is substantively reasonable.

Accordingly, we affirm Thorpe's sentence. We dispense with oral argument because the facts and legal contentions were adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*